IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CV-156-BO

| | |
|---|---|
| GLENNETTE FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on the parties' Cross-Motions for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held in Wilmington, North Carolina on July 16, 2008, and the matter is now ripe for ruling. For the reasons discussed below, Defendant's Motion is DENIED, Plaintiff's Motion is GRANTED and the Judgment is REVERSED.

## BACKGROUND

On December 3, 1999, Plaintiff filed for benefits alleging disability since February 15, 1999. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling. The Appeals Council remanded the matter for a second hearing. The ALJ again issued an unfavorable decision finding Plaintiff not disabled. Plaintiff appealed and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. Plaintiff filed a complaint with this court on January 18, 2005. This court reversed and remanded the decision for further action. A third hearing was held on January 25, 2007. The ALJ issued another unfavorable ruling. The Appeals Council denied Plaintiff's request for review, making

the ALJ's decision final. Plaintiff timely commenced the instant action.

## ANALYSIS

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof on steps one through four. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The Commissioner bears the burden at step five. *Id.*

2

At the most recent hearing, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity during the closed period. Plaintiff's bilateral carpal tunnel syndrome and status post release surgeries were considered severe at step two. At step three, the ALJ determined that Plaintiff's condition did not meet or equal a listing at step three. The ALJ concluded that Plaintiff could not perform her past relevant work as a sewing machine operator and nursing assistant. Because the ALJ determined that Plaintiff could perform a full range of light work, he concluded that Plaintiff was not disabled and that there were significant numbers of jobs existing in the national and local economy that Plaintiff could perform.

The ALJ's determination that Plaintiff did not meet Listing 11.14 is not supported by substantial evidence. When assessing whether a claimant meets a listing, an ALJ must identify the relevant listed impairments and compare each of the listed criteria with the record pertaining to claimant's symptoms. *Cook v. Hecklert*, 783 F.2d 1168, 1173 (4th Cir. 1986). This was not done here. Instead, the ALJ stated in one sentence that Plaintiff did not meet Listing 11.14 because "there was no evidence of any motor dysfunction." A proper evaluation was not conducted despite the fact that this case was on remand in order to adequately assess whether Plaintiff met Listing 11.14.

Listing 11.14 Peripheral Neuropathies requires "disorganization of motor function as described in 11.04B, in spite of prescribed treatment." The description in Listing 11.04B is "[s]ignificant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." It then directs the reader to 11.00C, which states, in part, that the persistent disorganization of motor function may be "in the form of sensory disturbances . . . which may be due to . . . peripheral nerve

3

dysfunction." Additionally, 11.00C, notes that "[t]he assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands and arms."

Comparing the requirements of Listing 11.14 with Plaintiff's medical records and testimony, it is apparent that Plaintiff does meet the Listing. The record, developed over the course of three ALJ hearings, establishes that Plaintiff suffers from peripheral nerve dysfunction in the form of bilateral carpal tunnel syndrome and that this has resulted in sensory disturbances. Additionally, the record supports the conclusion that these disturbances significantly interfere with Plaintiff's use of her hands and fingers. Plaintiff has the burden of proof at this step and she has carried it. Accordingly, Defendant's Motion is DENIED, Plaintiff's Motion is GRANTED, and the matter is REVERSED.

SO ORDERED, this __7__ day of August 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4